In the matter of the *state road* from *Gettysburg*, in the county of *Adams*, to the top of *Conococheague* hill in *Perry* county.

The act of the 23d of *April*, 1825, does not give the Quarter Sessions power to vacate absolutely a state road.   It expressly forbids a vacation, unless when the view or review supplies another route.   Views and reviews may be granted under the act of 1825, and that of 1809, to vacate and change the route of a state road before it has been opened.

CERTIORARI to the Court of Quarter Sessions of the county of Adams.

This writ was taken to the decree of that Court, confirming the report of reviewers, appointed to review a part of the state road from *Gettysburg* in the county of *Adams*, to the top of *Conococheague* hill in *Perry* county. ,

The following errors were assigned:.

1st. The Court erred in appointing viewers to view and vacate, or change, the route of the road as reported by the state commissioners.

2d. Also in appointing reviewers, and receiving and confirming their reports.

(State road from Gettysburg.)

3d. The reports of the viewers and reviewers were both erroneous:—First, because the routes were not surveyed and chained by, nor in the presence of the viewers, or reviewers:—2d. They do not describe the parts of the former route, or routes, to be vacated:—3d. Because a road opened according to the report of the reviewers north of *Conewago* creek, would not unite with the road, as reported, south of that creek.

· 4th. The Court ought to have rejected both reports; and to have adhered to the confirmation, (if any confirmation were necessary,) of the report of the state commissioners.

*Fuller* and *Alexander*, against the proceedings.

No review of a state road can be granted, until the road be opened. *Act of 23d April*, 1829, *Pamphlet Laws*, 326. When the report of state viewers is filed it is a record, and *ipso facto* a road directed to be opened; and no further proceeding can be had upon it until the road be opened. By the act of the 11th of *April*, 1825, *Pamphlet Laws*, 161, views and reviews are directed to be granted upon the report of a state road, as in the case of a county road; and by the act of the 6th of *February*, 1815, *Purd. Dig.* 732, where a road is reported, and after confirmation, *and before the road is opened*, a review is desired, it can only be obtained on the petition of a majority of the original petitioners: and they contended that as a majority of the original petitioners did not apply for a review in this case, the Court erred in granting it. They referred also to the nineteenth section of the act of the 6th of *April*, 1802, *Purd. Dig.* 198.

*Stevens* for the proceedings.

A county road may be vacated without supplying another. Not so of state roads; when they are vacated a new road must be laid out by the viewers or reviewers, to supply the place of the old road.

A state road cannot be laid out until the Court fix the breadth of the road. *In the case of the road from Jonestown to Wilkesbarre*, 1 *Serg. & Rawle*, 487. The case of a state road is not governed by the act authorizing the Court to grant orders on petitions to vacate roads, but by the compound rules of all the acts on the subject of granting orders to lay out roads in the county. How could the Court of Quarter Sessions be informed, that a majority of the original petitioners had signed a petition for a view or review to vacate a state road, when the original petition for such road was not presented to the Court, but to the legislature?

The opinion of the Court was delivered by

HUSTON, J.—The act of the 6th *April*, 1802, provides for laying

(State road from Gettysburg.)

out, and opening roads ; and in the nineteenth section, for vaca-
ting any useless or burdensome road; and this act contemplated
that after the road was vacated, there might be no highway from
one extreme point to the other.

And the act of the 6th *February*, 1815, provided, that after
a road was laid out and before it was opened, it might be vacated
on a petition by a majority of those who petitioned for the road,
and this act also contemplated, that there might be no highway
between the extreme points.  Another law and very beneficial
one, the act of the 3d of *April*, 1809, is made to provide for the
improvement of our roads, by vacating certain parts, and laying
out a road to supply such parts, on other and better ground.  The
old road is vacated wherever it is supplied by a new one.  Under
this law there is still to be a highway between the extreme points;
but it may be in many places, different from the old one.  The
act of the 23d of *April*, 1825, does not give the Sessions power
under the two first acts, to vacate absolutely a state road—but in
the words of the act of 1809 " to vacate and change." It expressly
forbids the Court to vacate, unless upon the view or review anoth-
er route is supplied.

On the act then of 1825, and that of 1809, we are of opinion
that the Court had power to grant the views and reviews in
question, and so change the route.  It would be strange, if view-
ers, in laying a road thirteen miles in length, should not commit
some errors, and in some places lay out the road on ground not
the best.  And it would be very harsh, if, when this was discov-
ered, the county was compelled to make a bad and inconvenient
road, in order to be entitled to permission to apply for and obtain
a more convenient one.

The other exceptions need not be noticed.

Proceedings confirmed.